UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA  CASE NO. 1:12CR36-1

    Plaintiff

-vs-  Judge Michael R. Barrett

CHRISTOPHER BRADLEY

    Defendant

## OPINION AND ORDER

This matter came on for oral argument on Defendant Christopher Bradley's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29(a) (Doc. 82); the Government's Response thereto (Doc. 83); and Defendant's Supplemental Memorandum Supporting the Motion for Acquittal (Doc. 84).

Defendant Christopher Bradley seeks a judgment of acquittal regarding five (5) firearms and ammunition sold on February 29, 2012 in violation of 18 U.S.C. §922 (d)(1) (Count 5 of the Indictment). However, Count 5 of the Indictment charges a series of transactions covering firearms sales of February 29, 2012, March 2, 2012, and March 9, 2012. The Defendant does not seek to set aside the jury determination as it relates to the March 2nd or March 9th sales.

## STANDARD OF REVIEW

Upon review, the Court must considering whether "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the

elements of the crime beyond a reasonable doubt." *United States v. King*, 169 F.3d 1035, 1038-39 (6th Cir. 1999), *cert. denied*, 528 U.S. 892, 120 S. Ct. 218 (1999).

18 U.S.C. § 922(d)(1) makes it unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person is under indictment for or has been convicted in any court of a crime punishable for a term exceeding one year. The elements consist of selling one or more firearms, in this case, to an informant, who at the time of the sale had such a conviction. And, at the time of the sale, the Defendant must have known, or had reasonable cause to believe, that the informant had such a conviction.

The Defendant argues that there was insufficient evidence before the jury regarding the Defendant's requisite state of mind at the time of the sale by claiming that the confidential informant ("the CI") did not disclose his felon status until after the completion of the sale. (Doc. 82, p. 2). The Fourth Circuit has previously held that an informant's statement that he was a felon would support a jury finding that the defendant had reasonable cause to believe that the informant had been convicted of a crime punishable by more than one year. *United States v. Bokman,* 215 F. App'x 203, 204 (4th Cir. 2007). That case, however, focused on the technical distinction between "a felon" and a conviction of a "crime punishable by imprisonment or a term exceeding one year" as required by 18 U.S.C. § 922(d)(1). *Id.* In this case, the issue is not what the Defendant may have known, but when he may have known it.

The Court has once again reviewed Government's Exhibit 4A, the audio/video undercover recording presented to the jury of the February 29, 2012 transaction. Prior to the exchange of money for weapons, the CI discussed phrases such as "throw

away," "dope boys," and "dope house," which would lead a reasonable person to believe that the weapons purchased would ultimately be used illegally. As the CI selected weapons to purchase, the Defendant placed them on a table outside of his garage. The recording verifies that after the CI has paid money for the firearms, but has not taken the weapons off of the table to load in his car, he relates that he's an "f_ _ _ _ing' felon." This is sufficient under *Bokman, supra*, but as stated above, the timing of the statement is critical.

A sale is defined as the transfer of property for a price. The four elements are (1) parties competent to contract, (2) mutual assent, (3) a thing capable of being transferred, and (4) a price in money paid or promised. *Black's Law Dictionary* (9th ed. 2009). A cash sale is a sale in which cash payment is concurrent with the receipt of the property sold. *Id.* In this case, the money was paid and the guns were capable of being transferred, before the CI used the word "felon." The Government selected to charge the three separate transactions in a single count. The jury was provided no alternative for segregating the incident of February 29, 2012 from the two incidents in March 2012. Clearly, there was sufficient evidence for the jury to convict on the March transactions which occurred after the disclosure of the CI's "felon" status. The Court must do what the jury could not and review the transactions separately.

Based upon all of the foregoing, the Court determines that the evidence does not subscribe the requisite knowledge or intent to the Defendant until after the completion of the February 29, 2012 sale. Further, the Government may not impute Shannon Bradley's personal knowledge of the CI to his brother, the Defendant. *U.S. v. Murray*, 988 F.2d 518, 522 (5th Cir. 1993).

Therefore, Defendant's Motion regarding the February 29, 2012 transaction (Doc. 82) is **GRANTED**; however, the Defendant **REMAINS CONVICTED** of the March 2, 2012 and March 9, 2012 transactions.

**IT IS SO ORDERED**.

                                                s/Michael R. Barrett
                                                Michael R. Barrett, Judge
                                                United States District Court